**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CATHERINE J. WOODS,

        Plaintiff,

vs.

CAROLYN W. COLVIN,

        Defendant.

2:13-cv-01863-JAD-VCF

**ORDER**

[Motion/Application for Leave to Proceed in forma pauperis (#1)]

Before the court are Plaintiff Catherine J. Woods' Motion/Application to Proceed In Forma Pauperis (#1) and Complaint (#1-1).

### I.    In Forma Pauperis Application

Plaintiff Catherine J. Woods asserts in her application to proceed in forma pauperis that she is currently unemployed and has no take home wages. *Id.* She receives $200.00 a month in food stamps and currently homeless. *Id.* Accordingly, plaintiff's request to proceed in forma pauperis is granted pursuant to § 1915(a).

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

A.   Plaintiff's Complaint

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration (hereinafter "Commissioner"). (#1-1). Plaintiff asserts that she is "disabled as that term is defined in the Social Security Act," and that she filed concurrent applications for disability insurance benefits and supplemental security income alleging the same. *Id.* The Commissioner denied the applications both upon initial review and reconsideration. *Id.* Plaintiff participated in a hearing before the ALJ, and the ALJ issued a decision also denying plaintiff's claim for benefits. *Id.* The Appeals Counsel denied Plaintiff's request for a review of the ALJ's decision, making the Commissioner's decision final. *Id.* Plaintiff has appealed the decision of the Commissioner to this court, and "requests that this court reverse that decision, or in the alternative,...remand this matter for a new hearing..." *Id.*

Plaintiff may appeal to this court the Commissioner's denial of her application for either Disability Insurance Benefits or Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively. See 42 U.S.C. §§ 401-433, 1381-82c. This Court has jurisdiction over the matter. *Id.* Construing plaintiff's allegations in light most favorable to plaintiff, the court finds that plaintiff has asserted a claim upon which relief can be granted. See *Russell*, 621 F.2d at 1039.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint (#1-1) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (#1-1) by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint (#1-1) to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, Plaintiff must serve upon defendant, or his attorney if he has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 28th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE