# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

CATHERINE J. WOODS,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

2:13–cv–01863–JAD–VCF

**REPORT AND RECOMMENDATION**

This case involves judicial review of an administrative action by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Catherine Woods' application for supplemental social security income pursuant to Title XVI of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's motion for reversal or remand (#15),[1] the Defendant's cross motion to affirm the commissioner's decision (#20), and the Government's response to Plaintiff's motion for reversal (#21). This action was referred to the undersigned Magistrate Judge for a report and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. For the reasons stated below, the court recommends that the Plaintiff's motion for reversal be denied.

## STANDARD OF REVIEW

Before reaching the merits of this case, the court reviews the relevant standard of review and the Supplemental Security evaluation process. Both are discussed below.

### I.  Standard of Review

Where the Commissioner of Social Security renders a final decision denying a claimant's

---

[1] Parenthetical citation refers to the Court's docket number.

benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g). The District Court may refer social security appeals to a United States Magistrate Judge.   *See* 28 U.S.C. § 636(b). A court "may reverse the ALJ's[2] decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence. Substantial evidence is "more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhardt*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citations omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). If an ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have decided the matter differently. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

## II.  The Evaluation Process

An individual seeking supplemental security income has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To overcome this burden, the individual must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of her disability claim. 20 C.F.R. § 416.914. If the individual has established an inability to perform her prior work, the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 2004) (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

---

[2] "ALJ" refers to the administrative law judge.

2

The ALJ uses a five-step evaluation process to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines a finding of disability or non-disability can be made, that determination will be made and no further inquiry is required. *See* 20 C.F.R. § 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

At the first step, the ALJ will determine whether the claimant is currently engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). If an individual is found to currently engage in SGA, a finding of not disabled will be made, regardless of age, medical condition, education, or work experience. 20 C.F.R. § 416.920(b). If the individual is not engaging in SGA, the analysis proceeds to the next step.

At the second step, the ALJ must determine whether the claimant suffers from a medically determinable impairment that is severe or a combination of medical impairments that significantly limits the claimant from performing basic work duties. 20 C.F.R. § 416.920(c). When medical or other evidence only establishes a slight abnormality that would have no more than a minimal effect on the claimant's ability to work the ALJ will find that a severe impairment is not present. 20 C.F.R. § 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[3] If the ALJ finds no severe impairments or combination of impairments, a finding of not disabled with be made. 20 C.F.R. § 416.920(a)(4)(ii). If, however, the ALJ finds severe impairments, the analysis will continue.

At the third step, the ALJ will consider whether the claimant's impairments, alone or in combination, meet or medically equal the criteria of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d), 416.925, and 416.926. Additionally, duration criteria must be met. 20 C.F.R. § 416.909. The impairment will meet the duration criteria if it is expected to last

---

[3] SSR are the Social Security Administration's official interpretations of the Social Security Act and the Administration's regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). SSR are entitled to a measure of deference from the courts as long as the SSR are consistent with the Social Security Act and the Administration's regulations. *Id.* at 1223.

3

for life or if it has lasted or is expected to last for a continuous period of at least twelve months. *Id*. If the impairments or combination of impairments meet or medically equal the listed criteria, and the duration requirement has been met, a finding of disabled will be made and the claimant will be entitled to disability benefits. 20 C.F.R. § 416.920(a)(4)(iii). If not, the inquiry will proceed to the next step. *Id*.

At the fourth step, the ALJ will determine whether the claimant maintains the residual functional capacity ("RFC") to perform her past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW is work the claimant has performed within the past fifteen years that was SGA and that the claimant performed for a period great enough to learn how to perform it. 20 C.F.R. § 416.960(b)(1).  If the ALJ determines the claimant can continue to perform her PRW, the claimant will be considered not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is unable to perform her PRW, the inquiry will continue to the last step. *Id*.

At the fifth step, the ALJ will determine whether the claimant may perform any work other than her PRW, taking into consideration her RFC, age, education, and work experience. 20 C.F.R. § 416.920(g). At this step, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work and that other work exists in significant amounts within the national economy. *Yuckert*, 482 U.S. at 141-42. If the Commissioner fails to show that other work the claimant can perform is available in the national economy, a finding of disabled will be made. 20 C.F.R. § 416.920(a)(4)(v).

## BACKGROUND

On July 28, 2000, Plaintiff Catherine Woods applied for Supplemental Security Income payments. (A.R. 72).[4] This request was denied on April 2, 2001. (A.R. 72). On June 5, 2003, Plaintiff again protectively applied for Supplemental Security Income payments. (A.R. 72). That claim was denied initially and on reconsideration. *Id*. Plaintiff's request for a hearing was untimely filed but Plaintiff was able to show good cause for the delay and a hearing was held on January 11, 2005. *Id*. A

---

[4] A.R. refers the Administrative Record.

notice of unfavorable decision was filed on December 29, 2005. (A.R. 69). On October 29, 2009 Plaintiff again protectively filed for Supplemental Security Income. (A.R. 28). The same ALJ again denied Plaintiff's application on April 18, 2012. (A.R. 25). The Appeals Council denied Plaintiff's timely request for review on July 27, 2013 and adopted the ALJ's decision as the final decision of the Commissioner. (A.R. 7).

In his initial decision, the ALJ followed the five-step sequential evaluation process as described in 20 C.F.R. § 416.920 and issued Woods an unfavorable decision on December 29, 2005. (A.R. 69). At step one, the ALJ found that Woods has not engaged in substantial gainful activity since May 1, 2000 (A.R. 72), Woods' alleged onset date. (A.R. 78). At step two, the ALJ found that Woods had the following severe impairments: liver lesions, Hepatitis C, status post right median nerve injury, and drug and alcohol abuse. (A.R. 78). At step three, the ALJ found that Woods did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Regulation No. 4. (A.R. 78). The ALJ found that Woods had the residual capacity to perform a significant range of light work. (A.R. 79). He found the following residual functional capacity:

> [T]he claimant can lift or carry 20 pounds occasionally and 10 pounds [frequently]. The claimant can walk or stand for a total of six hours in an eight-hour workday. The claimant can sit for a total of six hours in an eight hour workday. The claimant can frequently balance, stoop, and crouch. The claimant can occasionally kneel and crawl. The claimant can never climb ladders, ropes, or scaffolds but can occasionally climb ramps or stairs.

(A.R. 78).

At step four, the ALJ found Woods able to perform her past relevant work. (A.R. 78). That past relevant work was listed as sales associate at Montgomery Ward. (A.R. 73). This is considered to be light work. (A.R. 77). Although it was unnecessary to reach step five after the ALJ had determined that Woods could return to her past relevant work, the ALJ considered, *arguendo*, the result if Woods had been found not disabled at step four but had a sedentary RFC. (A.R. 77). The ALJ stated,

5

"[a]lternatively, [a]though the claimant's exertional limitations do not allow her to perform the full range of sedentary work . . . there are a significant number of jobs in the national economy that she could perform." (A.R. 79).

In making his decision, the ALJ defined Woods as a younger individual, aged eighteen to forty-four,[5] with a high school (or high school equivalent) education and with no transferable skills from semi-skilled work previously performed. (A.R. 78-79). Although he did not find malingering in the 2005 decision, the ALJ specifically determined that he did not find the Plaintiff completely credible. (A.R. 76). In support of that finding, the ALJ stated, in the 2005 decision, that the objective evidence "was essentially unremarkable," the claimant's demeanor at the hearing was unconvincing, claimant missed three consultative examinations, claimant's representative failed to update claimant's medical records, and that claimant's friend stated that claimant was able to engage in activities that were inconsistent with claimant's allegations. (A.R. 76). Additionally, the ALJ mentioned that Woods complained of chronic pain from Hepatitis C but that she had never received any treatment for Hepatitis C. (A.R. 32).

On October 29, 2009, Plaintiff again protectively filed for Supplemental Security Income (A.R. 28) and the ALJ again denied Plaintiff's application on April 18, 2012. (A.R. 25). In his second decision, the same ALJ concluded that "no new material evidence ha[d] been introduced which would provide good cause for reopening consideration of the claimant's prior application . . .." (A.R. 28). The ALJ applied *res judicata* and considered only evidence as it would tend to establish disability for Woods on or after October 29, 2009. (A.R. 28). Additionally, the ALJ applied Acquiescence Ruling 97-4(9)'s holding that "a final decision by an ALJ gives rise to a presumption that the claimant continues to be not disabled after the period adjudicated." (A.R. 29). *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). The ALJ found no change in circumstances that would allow Woods to rebut the presumption of continuing non-disability. (A.R. 30). At the time of decision, Woods was fifty years old. (A.R. 29). The

---

[5] Born June 2, 1961, Woods was forty-four years old at the time her request was denied. (A.R. 73).

ALJ reiterated that, in 2005, he found Woods capable of performing light work (A.R. 30) and found that plaintiff's RFC remained unchanged since 2005. (*See* A.R. 30-31).

## DISCUSSION

Woods' motion seeks reversal or remand for three reasons: (1) the presumption of continuing disability "is no longer a valid legal rational applicable to Social Security Administration hearings," (2) her change in age was sufficient to rebut the presumption of continuing non-disability and (3) her additional claim of shoulder pain rebuts the presumption of continuing non-disability. (*See* #15). The court disagrees. Before addressing Woods' arguments, the court reviews the law of *res judicata* in the social security context.

### I. *Res Judicata* in the Social Security Context

The Ninth Circuit recognizes a presumption of continuing non-disability when a claimant's security income application has been denied. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). "[R]es judicata should not be rigidly applied in administrative proceedings." *Lester v. Chater,* 81 F.3d 821, 827 (9th Cir. 1995) (citing *Gregory v. Bowen,* 844 F.2d 664, 666 (9th Cir. 1988)). Normally, an ALJ's findings that a claimant is not disabled "creates a presumption that the claimant continued to be able to work after that date." *Id.* at 827 (quoting *Miller,* 770 F.2d 845, 848 (9th Cir. 1985)). However, the presumption does not apply "where the claimant raises a new issue, such as the existence of an impairment not considered in the previous application." *Id.*; *see also Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009). "The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985).

7

## II.        Whether the Presumption of Continuing Disability is Still Valid

Plaintiff first argues that the presumption of continuing disability is no longer a "valid legal rationale applicable to Social Security Administration hearings." (#15 at 4). Woods argues that the 2013 Ninth Circuit decision *Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc), "calls into question the validity of the holding of *Chavez V. [sic] Bowen*, 844 F.2D 691 (9th Cir. 1988) that there attaches a presumption of continuing non-disability to Social Security Administration hearings." (*Id.*). The court held in *Garfias* that if the reasonable agency interpretations of ambiguous statutes conflicts with the prior holding of a federal circuit court, then courts should defer to the reasonable agency interpretations. *See Garfias*, 702 F.3d at 507. On that basis, the Plaintiff argues that Acquiescence Ruling 97-4(9) supersedes the Ninth Circuit's holding in *Chavez*. (#15 at 5). This is incorrect. Although Acquiescence Ruling 97-4(9) states that the Ninth Circuit ruling in *Chavez* differs from the SSA's interpretation of Social Security policy, it specifically explains that the SSA will apply the *Chavez* presumption as to claimants in the Ninth Circuit. *See* S.S.A. Acq. Rul. 97-4(9), *2 (explaining that the SSA "will apply *Chavez* within the [Ninth] Circuit").

The Ninth Circuit has not reversed *Chavez* through *Garfias* and has continued to cite *Chavez* in Social Security cases since the *Garfias* decision. *See Thornsberry v. Colvin,* 552 Fed. Appx. 691 (9th Cir. 2014) (holding *Garfias* not applicable because no issue of deference presented under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44 (1984)); *see also Alekseyevets v. Colvin*, 524 Fed. Appx. 341, 344 (9th Cir. 2013). Two California District Courts have gone so far as to expressly decline to declare *Chavez* "dead." *See Santos v. Colvin*, No. EDCV 13-01442–JEM, 2014 WL 1794462, *4 (C.D. Cal. May 6, 2014); *see also Buzenes v. Colvin*, No. CV 12–9046–JPR, 2013 WL 6195723, *3–*4 (C.D. Cal. November 23, 2013).[6]

---

[6] Both *Santos* and *Buzenes* were argued by attorneys from the Law Offices of Lawrence D. Rohlfing, an office affiliated with Rohlfing & Kalagian, LLP, the firm representing the Plaintiff. *Thornsberry* was argued by attorneys from Rohlfing & Kalagian.

### III.     Whether Woods Rebuts the *Chavez* Presumption With Her Change in Age

The Plaintiff next argues that her change in age from forty-four at the time of the 2005 decision to fifty years old at the time of the 2012 decision result in "changed circumstances" for the purposes of rebutting the *Chavez* presumption of continuing non-disability. (#15 at 7). The change in circumstances must result in greater disability for the claimant. *See Chavez*, 844 F.2d at 693. Because that change in age does not move Plaintiff from a finding of not disabled to a finding of disabled, the court finds that Woods has not met her burden in rebutting the *Chavez* presumption.

Plaintiff was forty-four years of age in 2005 at the time of the ALJ's initial ruling. In 2009, at the time of her new application, Plaintiff had attained the age of forty-eight. (A.R. 29). In 2012, when the ALJ handed down his second ruling, Plaintiff was fifty. (A.R. 29). At the age of fifty, a person is deemed to be "closely approaching advanced age." 20 C.F.R. § 404.1563(d). A change in age could represent a change in circumstances for the purposes of rebutting the presumption. *See Chavez*, 844 F.2d at 693. However, the change in circumstances must result in a greater disability. *Id.* A person who is "closely approaching advanced age" is entitled to consideration that her age may impact her ability to work. 20 C.F.R. § 404.1563(d). However, because the Plaintiff was found to be able to perform light work, a change in age from "younger individual" to "closely approaching advanced age" does not represent a change from not disabled to disabled. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. For a person with a high school education or equivalent, with no transferable skills from her previous employment, and the RFC of light work, the guidelines for a "younger person" and for a person "closely approaching advanced age" both lead to a finding of not disabled. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2.

### IV.     Whether Woods Rebuts the *Chavez* Presumption With Her Change in Impairments

Woods added a new claim of shoulder pain to her 2009 application (*see* A.R. at 7; *see also* A.R. 197), which she contends is a change in circumstances that rebuts the presumption of continuing non-disability. (#15 at 8). The court disagrees.

Pain is an important factor to consider when determining disability. *Varney v. Secretary of Health & Human Servs.,* 846 F.2d 581, 583 (9th Cir. 1988). To establish disability, the claimant must submit objective medical findings establishing medical impairments that "could reasonably be expected to produce the pain." 42 U.S.C. § 423(d)(5)(A) (1982 and Supp. III 1985); *see* 20 C.F.R. § 404.1529 (1987); *Gamer,* 815 F.2d 1275, 1279 (9th Cir. 1987). It is reversible as a matter of law to discredit excess pain testimony only because the medical evidence does not fully establish that level of pain. *Id.*

In evaluating the credibility of a claimant's subjective pain testimony, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal citations and quotation marks omitted). The claimant need not show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). Second, if the claimant meets the first test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only if he gives "specific, clear and convincing reasons" for the rejection. *Id.* The ALJ may consider several factors in weighing a claimant's credibility including reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

10

Woods has brought new allegations of shoulder pain to her 2009 application; but she relies on her own subjective pain feelings and does not provide objective medical evidence. The ALJ noted, "[t]here are minimal findings in the medical evidence to support any of [Woods'] impairments and her activities of daily living and longitudinal medical history fail to substantiate the same." (A.R. 31). Specifically, the ALJ mentioned that Woods had been "treated only a handful of times, for a number of unrelated issues, none of which lasted for twelve continuous months" since the alleged onset date of October 29, 2009. (A.R. 31). The ALJ considered Woods' pain questionnaire dated November 30, 2009, in which she alleged she felt daily pain from Hepatitis C. (A.R. 32). Because she had not undergone any treatment for Hepatitis C, the ALJ took "her statement under consideration and evaluated it with the rest of the record." (A.R. 32-33). During a July 19, 2010 examination with Dr. Jerrold Sherman, Woods had normal sensation and grip in both hands and her right shoulder appeared normal with no muscle wasting. (A.R. 248-49). Dr. Sherman found that Woods could "frequently lift 25 pounds and occasionally lift 50 pounds" and assigned her no limitations regarding pushing, pulling, grasping or fine manipulations with the hands. (A.R. 251). These statements are inconsistent with Woods' claims of shoulder pain and this objective evidence sufficiently supports the ALJ's decision.

**V.      Whether Woods' Claims Would Succeed Without the *Chavez* Presumption**

In closing, the court notes that even if Woods had been able to rebut the *Chavez* presumption of continuing non-disability with her change in age and alleged new impairments, those changes would not necessarily have led to a finding of disability. As discussed above, her change in age would not have moved Woods from not disabled to disabled considering her education, work experience, and impairments. If the Plaintiff has successfully rebutted the presumption of non-disability following a previous final decision of non-disability, the ALJ must still give certain *res judicata* effect to the residual functional capacity findings from the prior final decision in determining whether the Plaintiff is

disabled with respect to the unadjudicated period unless there is new and material evidence relating to that finding. *See* Acq. Rul. 97-4(9).

The Plaintiff's additional impairments were unsupported by objective evidence on the record. (*See* A.R. 30-32 for the ALJ's discussion of new evidence entered by Woods.). The record shows that from 2005 to 2009, Woods was seen by doctors for the following variety of ailments: tooth pain, nausea, earache, a benign mass on the liver, left arm numbness, shoulder pain, acid reflux, lower back pain, joint pain. (A.R. 192-219). The majority of these examinations resulted in discharge with refills of previously prescribed medication. *See id.* Significantly, on November 20, 2009, Woods was examined at the Nevada Health Centers Downtown Outreach Clinic complaining of left shoulder pain. (A.R. 197). The July 2010 examination by Dr. Sherman revealed "a 100%-normal pain-free range of motion of the neck, left shoulder, both elbows, wrists and small joints of the hands and fingers." (A.R. 249). The doctor also noted no muscle wasting in either the left or right shoulder. (A.R. 249). X-rays revealed no osteoarthritis, osteoporosis, or fractures in the right shoulder or left and right knees. (A.R. 250).

In making his 2012 decision, the ALJ properly considered several pieces of evidence brought by the Plaintiff relating to her impairments after the new alleged onset date of October 29, 2009, the date of Plaintiff's new application. Substantial evidence supports the ALJ's ruling that Plaintiff did not introduce any evidence that would result in a finding of disability. (*See* A.R. 33). From 2010 to 2012, Plaintiff was examined for dyspnea related to smoking, coughing, vomiting, left shoulder pain, Hepatitis C complications, sore throat, and alcohol intoxication. (*See* A.R. 235-82, 317-29). Again, these visits resulted in discharge with pain medication. (*See id.*). The ALJ specifically considered what his ruling would have been if the presumption of continuing non-disability had not been applied. He states that "there has been no new and material evidence introduced relating to the findings made in the December 29, 2005 decision concerning the claimant's education, work experience, or residual functional capacity . . . .." (A.R. 34).

Therefore, Plaintiff's motion for reversal (#15) should be denied because Plaintiff failed to rebut the presumption of continuing non-disability with either her change in age or her change in impairments, and, even if the presumption were not applied, plaintiff has not shown new medical evidence which would support a finding of disabled.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Plaintiff's motion for reversal (#15) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's cross motion to affirm (#20) be GRANTED.

DATED this 13th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE